UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ROLAND RODRIGUEZ and                      CIVIL ACTION
CHERYL TUFARO

v.                                        NO. 13-5927

FIDELITY NATIONAL PROPERTY                SECTION "F"
AND CASUALTY INSURANCE COMPANY, ET AL.

ORDER AND REASONS

Before the Court is a motion to dismiss by Anthony A. Voiron, Jr., individually and d/b/a Voiron Insurance Services, LLC.  For the reasons that follow, the motion is GRANTED.

**Background**

This is a Hurricane Isaac flood insurance dispute.

Roland Rodriguez and Cheryl Tufaro own a house at 416 Palm Drive in Braithwaite, Louisiana.  Anthony A. Voiron, Jr., individually and doing business as Voiron Insurance Services, L.L.C., sold them a flood insurance policy issued by Fidelity National Indemnity Insurance Company bearing policy number 171150297917.  The Fidelity policy limited dwelling coverage to $250,000.

On August 29, 2012 Hurricane Isaac brought with it rain, wind, and tidal surge, which overtopped and breached levees that caused damage to Rodriguez and Tufaro's house, compromising its structural integrity.  Rodriguez and Tufaro were prevented from returning to the property as a result of flooding and other storm damage for

1

some time.

Just days after the storm, Rodriguez and Tufaro contacted Fidelity, which assigned an adjuster to evaluate the loss. Rodriguez and Tufaro submitted a proof of loss and demanded payment. Fidelity ultimately paid Rodriguez and Tufaro $197,233.86, less than the $250,000 policy limits for dwelling coverage.

On August 28, 2013 Rodriguez and Tufaro sued Fidelity National Property and Casualty Insurance Company and Anthony A. Voiron, Jr., individually and d/b/a Voiron Insurance Services, L.L.C. in state court.  On September 25, 2013 Wright National Flood Insurance Company (which was improperly named as Fidelity National Property and Casualty Insurance Company and formerly known as Fidelity National Indemnity Insurance Company), a Write-Your-Own Program carrier participating in the U.S. Government's National Flood Insurance Program, appeared in its fiduciary capacity as the fiscal agent of the United States, and removed the lawsuit to this Court. The plaintiffs allege multiple claims against Fidelity, including that it negligently miscalculated the plaintiffs' damages and misvalued their property, and that it acted arbitrarily, capriciously, and in bad faith in failing to properly adjust their claim, entitling them to penalties and attorney's fees as provided by La.R.S. 22:658 and 22:1220.  They assert that Fidelity "placed a valuation on the insured property and used that valuation for determining the premium charge for the policy requiring the insurer

2

to compensate a covered loss or damage 'without deduction or offset' [and the] same insurer deducted depreciation calculated erroneously." As against Voiron, the plaintiffs allege that he was negligent in procuring their flood insurance, that he negligently valued the property, negligently failed to properly advise the plaintiffs as to the correct limits of coverage, and failed to properly advise them as to the purchase of the correct amount of insurance to fully cover their home.

Voiron now requests dismissal of the plaintiffs' claims against him for failure to state a claim.

                                I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)(citing Fed.R.Civ.P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation."   Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Thus, in considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"   See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)).   But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true.  Kaiser, 677 F.2d at 1050.   Indeed, the Court must first identify allegations that are conclusory and, thus, not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). A corollary: legal conclusions "must be supported by factual allegations."  Id. at 678.   Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." Id. at 679.

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted).   "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."   Bell Atl. Corp. v. Twombly, 550 U.S. 544,

555 (2007) (citations and footnote omitted).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 ("The

plausibility standard is not akin to a 'probability requirement,'

but it asks for more than a sheer possibility that a defendant has

acted  unlawfully.").   This  is  a  "context-specific  task  that

requires the reviewing court to draw on its judicial experience and

common sense."  Id. at 679.  "Where a complaint pleads facts that

are merely consistent with a defendant's liability, it stops short

of the line between possibility and plausibility of entitlement to

relief."  Id. at 678 (internal quotations omitted) (citing Twombly,

550 U.S. at 557).   "[A] plaintiff's obligation to provide the

'grounds' of his 'entitle[ment] to relief'", thus, "requires more

than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do."  Twombly, 550 U.S. at

555 (alteration in original) (citation omitted).

     Finally, "[w]hen reviewing a motion to dismiss, a district

court 'must consider the complaint in its entirety, as well as

other sources ordinarily examined when ruling on Rule 12(b)(6)

motions to dismiss, in particular, documents incorporated into the

complaint by reference, and matters of which a court may take

judicial notice."  Funk v. Stryker Corp., 631 F.3d 777, 783 (5th

Cir. 2011)(quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd.,

551 U.S. 308, 322 (2007)).

                              II.

     Voiron contends that the plaintiffs fail to state a claim

against him because Louisiana law does not recognize a cause of

action against insurance agents for failing to advise a client as

to whether he is underinsured or carries the right type of

coverage.  The Court agrees.

     Where there is an agreement to procure insurance, the

Louisiana Supreme Court has observed, the duty of the insurance

broker or agent includes a duty of reasonable diligence:

          An insurance agent who undertakes to procure insurance
          for another owes an obligation to his client to use
          reasonable diligence in attempting to place the insurance
          requested and to notify the client promptly if he has
          failed to obtain the requested insurance.  The client may
          recover from the agent the loss he sustains as a result
          of the agent's failure to procure the desired coverage if
          the actions of the agent warranted an assumption by the
          client that he was properly insured in the amount of the
          desired coverage.

Id. at 356 (citing Karam v. St. Paul Fire & Marine Ins. Co., 281

So.2d 728, 730-31 (La. 1973)).  Notably, the Louisiana Supreme

Court rejected the argument that an insurance agent has a duty to

inform the insured of different coverage options available and to

explain the costs and potential benefits of those coverages,

explaining:

          An agent has a duty of "reasonable diligence" to advise
          the client, but this duty has not been expanded to
          include the obligation to advise whether the client has
          procured the correct amount or type of insurance
          coverage.  It is the insured's responsibility to request

                               6

the type of insurance coverage, and the amount of
coverage needed.  It is not the agent's obligation to
spontaneously or affirmatively identify the scope or the
amount of insurance coverage the client needs.

Id. at 359.  An insurance agent's "duty of 'reasonable diligence'

is fulfilled when the agent procures the insurance requested." Id.

at 356 (citation omitted).  To summarize, the insured states a

claim against the agent when the insured demonstrates that:

> (1) the insurance agent agreed to procure the insurance;
> (2) the agent failed to use 'reasonable diligence' in
> attempting to procure the insurance and failed to notify
> the client promptly that the agent did not obtain
> insurance; and
> (3) the agent acted in such a way that he client could
> assume he was insured.

Id. at 356-57 (citation omitted).

Turning to the allegations of the plaintiffs' petition, the

plaintiffs allege that Voiron negligently procured their flood

insurance in that he negligently valued the property, negligently

failed to properly advise the plaintiffs as to the correct limits

of coverage, and failed to properly advise them as to the purchase

of the correct amount of insurance to fully cover their home.

Plaintiffs' complaint as to their agent clearly fails under

Louisiana law.  They charge nothing more than that Voiron should

have identified the type and amount of flood coverage they needed

for their property.  Duties that Louisiana does not impose upon the

insurance agent or broker but, instead, upon the insured. See id.

Plaintiffs have failed to state a claim that is plausible on its

face, given that Louisiana law clearly imposes on the insureds the

responsibility to identify the scope and amount of flood coverage they require.

Accordingly, Voiron's motion to dismiss is GRANTED.  The plaintiffs' claims against Voiron are hereby dismissed.


New Orleans, Louisiana, December 11, 2013


_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE