UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ROLAND RODRIGUEZ and					CIVIL ACTION
CHERYL TUFARO

v.									NO. 13-5927

FIDELITY NATIONAL PROPERTY			SECTION "F"
AND CASUALTY COMPANY, ET AL.

## ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to the motion for summary judgment filed by Wright National Flood Insurance Company, f/k/a Fidelity National Indemnity Insurance Company, noticed for submission on August 27, 2014, has been submitted.

Accordingly, the motion is deemed to be unopposed, and further, it appearing to the Court that the motion has merit,[1] IT

---

[1] Plaintiffs, claiming property damage due to flooding occasioned by Hurricane Isaac, seek to recover additional benefits pursuant to a Standard Flood Insurance Policy issued by Wright National Flood Insurance, a Write-Your-Own Program insurance carrier participating in the U.S. Government's National Flood Insurance Program. Wright National Flood Insurance now seeks judgment as a matter of law dismissing the plaintiffs' claims on the ground that the plaintiffs failed to submit a timely signed and sworn proof of loss to support the amounts claimed in this lawsuit as required by Article VII(J)(4) of the SFIP. The record establishes that the plaintiffs submitted an initial proof of loss, the defendants issued a payment and a supplemental payment such that plaintiffs thus far have been paid $222,233.86. However, the undisputed facts in the record also show that the plaintiffs have

1

IS ORDERED: that Wright National Flood Insurance Company's motion for summary judgment is hereby GRANTED as unopposed. The plaintiffs' lawsuit is hereby dismissed.

New Orleans, Louisiana, August 25, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

not submitted a proof of loss for any amounts sought in this lawsuit.

It is well-settled that an insured's failure to comply with the proof of loss requirement bars recovery pursuant to an SFIP. See, e.g., Collins v. National Flood Ins. Program, 394 Fed. Appx. 177, 180 (5th Cir. 2010); Marseilles Homeowners Condominium Assoc., Inc. v. Fidelity National Ins. Co., 542 F.3d 1053, 1056 (5th Cir. 2008). In strictly enforcing the applicable regulations, the Fifth Circuit and other Sections of this Court hold that the rule barring recovery absent submission of a timely sworn proof of loss applies regardless of whether it is an initial claim by an insured, or a supplemental claim filed with the insurer. See Richardson v. Am. Baners. Ins. Co. of Fla., 279 Fed. Appx. 295, 298-99 (5th Cir. 2008)(unpublished)(citing 44 C.F.R. pt. 61, app. A(1), arts. VII.J, VII.R.); see also Roussell v. Allstate Ins. Co., --- F. Supp. 2d ---, 2014 WL 2740259, at *5-6 (E.D. La. June 17, 2014)(Brown, J.); Howell-Douglas v. Fidelity Nat'l Indem. Ins. Co., --- F. Supp. 2d ---, 2014 WL 2506469, at *2-3 (E.D. La. June 3, 2014)(Vance, J.); Morin v. Am. Bankers Ins. Co. of Florida, No. 13-5972, 2014 WL 949424, at *1, 2-3 (E.D. La. Mar. 10, 2014)(Africk, J.); Fowl, Inc. v. Fidelity Nat'l Prop. & Cas. Ins. Co., No. 12-283, 2013 WL 392599, at *1 (E.D. La. Jan. 31, 2013)(Barbier, J.).

The plaintiffs submit no papers in opposition and fail to raise any dispute as to whether they complied with this condition precedent for the additional sums they now seek. The Court finds that the plaintiffs' claims against the defendant fail as a matter of law because there is no genuine dispute as to any material fact regarding whether the plaintiffs complied with the SFIP's proof of loss requirement with respect to the amounts plaintiffs seek to recover in this litigation. Accordingly, Wright is entitled to judgment as a matter of law.